# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GABRIEL BRITO,

      Petitioner,

v.

      Case No. 17-CV-135-JPS

RONALD MALONE,

      **ORDER**

      Respondent.

    On February 14, 2017, the Court screened the petition in this matter. (Docket #12). It determined that while the first ground for relief had been exhausted in state court, the remaining three had not. *Id.* at 3-4. The Court gave Petitioner various options to address this problem, including filing a motion to stay this action while he litigated those unexhausted claims in state court. *Id.* at 4. Petitioner filed such a motion on March 16, 2017. (Docket #13).[1]

    A stay and abeyance is appropriate when "the petitioner had good cause for his failure to exhaust all claims and . . . the unexhausted claims have some possible merit." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)); *Arrieta v. Battaglia*, 461 F.3d 861, 866–67 (7th Cir. 2006). "[W]henever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Requiring a showing of good cause before entertaining a stay is critical

---

[1] Petitioner also filed a motion for an extension of time to submit an amended petition. (Docket #14). In this Order, the Court will provide instructions on how Petitioner may proceed in this matter without the need for an amended petition. The motion will be denied as moot.

because staying a federal habeas petition: (1) frustrates the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims." *Rhines*, 544 U.S. at 270. It is for this reason that the Supreme Court has emphasized that a "stay and abeyance should be available only in limited circumstances." *Id.*

Petitioner has failed to show good cause sufficient to invoke a right to a stay and abeyance of this matter. He offers a different source of "good cause" as to each unexhausted ground for relief. Ground Two (the first unexhausted ground) asserts "ineffective assistance of counsel, alleging that counsel failed to adequately explain the state's plea offer[.]" (Docket #12 at 4). Petitioner states that "Claim Two was litigated until the Counsel told me at the hearing on October 2, 2014 in Judge Rothstein Court was going to be waived." (Docket #13 at 2). This sentence makes no sense on its own, but the Court gathers that Petitioner's counsel allegedly declined to raise the claim in that hearing on Petitioner's post-conviction motion. Petitioner does not further explain his discussion with counsel or the events of the hearing. *See id.* at 2-3. Even if his story is true, Petitioner offers no reason why he could not have filed his own post-conviction motion raising Ground Two prior to instituting this federal lawsuit.

Ground Three claims a "violation of the Fourth Amendment, alleging that police coached the victim to provide a more damning story[.]" (Docket #12 at 4). Petitioner says that he chose to utilize the services of a law school assistance program to help him in preparing his post-conviction motion. (Docket #13 at 3-4). Petitioner blames the students for failing to

raise Ground Three. *Id.* at 4. The Court is unconvinced. As with Ground Two, if Petitioner did not agree with the preparation of his post-conviction motion, he could have declined their representation and completed the task himself, long before filing this habeas action. Petitioner complains that this would have been difficult given his lack of legal training, but that is not an excuse sufficient to warrant a stay and abeyance. *See Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003); *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010).

Finally, Ground Four challenges the "sufficiency of the evidence, alleging that the state failed to prove that sexual contact was non-consensual." (Docket #12 at 4). Here again, Petitioner argues that his law student assistants decided not to include the claim in his post-conviction motion; the Court rejects this excuse for the same reasons stated above. (Docket #13 at 5). Petitioner further states that he had limited access to legal material and he spent much of his time in prison in segregation. *Id.* at 5 & n.4. First, these are not atypical hardships for prisoners and do little to excuse Petitioner's failure to exhaust. *Tucker*, 538 F.3d at 734–35. Second, as to the segregation issue, Petitioner fails to demonstrate that this restrictive confinement was imposed for reasons outside his control. Good cause cannot be premised on segregation status which was a result of Petitioner's own rule-breaking behavior. The instant motion was Petitioner's opportunity to explain that good cause existed for his failure to exhaust, and he has not done so as to any of the unexhausted claims.

The Court appreciates that if the instant petition is dismissed, it "'effectively end[s] any chance at federal habeas review.'" *Id.* at 735 (quoting *Dolis*, 454 F.3d at 725). However, the petition need not end here if Petitioner desires to proceed on his existing claim. In light of the Court's decision to deny his request for a stay and abeyance, Petitioner must decide

between the following two options within the next **fourteen (14) days**. First, Petitioner may proceed solely on the basis of his existing, properly exhausted claim. However, if he elects this course of action, the Court will consider only the merits of that claim, which would restrict future federal habeas corpus review of Petitioner's unexhausted claims because those claims would then be subject to the AEDPA's limitation on successive filings, as well as AEDPA's one-year statute of limitations. Second, Petitioner may voluntarily dismiss this action and proceed with additional post-conviction motion practice in Wisconsin courts. As with the first option, this choice may limit future federal habeas corpus review of Petitioner's claims in light of the AEDPA one-year statute of limitations.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for an extension of time (Docket #14) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's request for a stay and abeyance (Docket #13) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner shall file, no later than **fourteen (14) days** from the date of this Order, either: (i) a notice indicating that he wishes to proceed on his existing claim only; or (ii) a voluntary dismissal of his petition altogether. If Petitioner fails to file such a submission in accordance with the deadline set forth above, his petition will be dismissed without further notice.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge