# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GABRIEL BRITO,

                Petitioner,

v.

RONALD MALONE,

                Respondent.

Case No. 17-CV-135-JPS

**ORDER**

On September 28, 2017, the Court instructed Petitioner to decide whether to proceed solely on the basis of his existing, properly exhausted claim or voluntarily dismiss this action and proceed with additional post-conviction motion practice in Wisconsin courts. (Docket #15). The Court explained that either option may limit future federal habeas corpus review of Petitioner's claims in light of the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. *Id.*

On October 11, 2017, the Court received a response from Petitioner in which he requests that the Court advise him of the "amount of days available to exhaust the Habeas Corpus writ within the AEDPA 'one-year statute limitation.'" (Docket #16 at 1). He asks for this advice so that he can decide whether to dismiss this action and pursue his unexhausted claims, or proceed with this action on his properly exhausted claim. *Id.*

The Court cannot provide Petitioner with legal advice. He must choose his litigation strategy on his own or, if he so chooses, he can retain a lawyer to advise him. *See Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) ("[D]ue process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas relief"

and "a prisoner's right of access to the courts does not guarantee the *effective* presentation of his civil claims"). The Court will therefore order Petitioner, again, to choose either to proceed on his existing claim or voluntarily dismiss this action in order to pursue exhaustion in the state courts.

Accordingly,

**IT IS ORDERED** that Petitioner's request for legal advice (Docket #16) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Petitioner shall file, no later than **fourteen (14) days** from the date of this Order, either: (i) a notice indicating that he wishes to proceed on his existing claim only; or (ii) a voluntary dismissal of his petition altogether. If Petitioner fails to file such a submission in accordance with the deadline set forth above, his petition will be dismissed without further notice.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge