# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GABRIEL BRITO,<br><br>                Petitioner,<br>v.<br><br>RONALD MALONE,<br><br>                Respondent. | Case No. 17-CV-135-JPS<br><br>**ORDER** |

On October 18, 2017, the Court instructed Petitioner, for the second time, to decide whether to proceed solely on the basis of his existing, properly exhausted claim or voluntarily dismiss this action and proceed with additional post-conviction motion practice in Wisconsin courts. (Docket #17). The Court imposed a deadline of fourteen days for Petitioner to inform the Court of his decision, meaning that Petitioner had until November 1, 2017 to indicate to the Court whether he wishes to proceed on his exhausted claim or dismiss this action. *Id.* at 2. Petitioner filed nothing on or before November 1, 2017.

Instead, on November 6, 2017, Petitioner filed a frivolous motion seeking the recusal of the undersigned judge based on Petitioner's suspicion that the undersigned judge had improper contact with a Wisconsin Department of Corrections employee, Thomas P. Salter ("Salter"), who was apparently involved in Petitioner's recent state revocation proceeding. (Docket #18 and #19). The recusal statute on which Petitioner relies mandates recusal when the movant demonstrates that the judge before whom the matter is pending has "a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.

Petitioner's motion is baseless. The undersigned judge has never spoken with or had any other kind of contact with Salter. There is nothing in Petitioner's motion or affidavit to suggest that this Court is biased against him or in favor of Respondent. The reason for Petitioner's recusal motion is obvious: obfuscation. Plaintiff's motion will be denied.[1]

The Court will generously provide Petitioner one last opportunity to inform the Court whether he wishes to proceed with this action solely on the basis of his existing, properly exhausted claim or voluntarily dismiss this action so that he can proceed with additional post-conviction motion practice in Wisconsin courts. The Petitioner must file a pleading informing the Court of his decision within **five (5) days of the entry of this Order**, or this action will be dismissed without further notice.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for recusal (Docket #18) be and the same is hereby **DENIED**; and

---

[1] Further, it is not clear that Petitioner, proceeding *pro se,* can meet the statutory requirements to bring a recusal motion under Section 144 in the first place. Section 144 requires that a motion made thereunder be accompanied by a "certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144; *see also United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). Because a certificate of counsel is required by the terms of the statute, which must be construed strictly to prevent abuse, courts have held that Section 144 is not available to *pro se* litigants. *See Peel v. United States*, No. 12-CV-275-WDS, 2012 WL 1623304, at *4 (S.D. Ill. May 9, 2012); *Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996); *Cohee v. McDade,* 472 F.Supp.2d 1082, 1083 (S.D. Ill. 2006); *see also United States v. Collins,* 203 Fed. App'x 712, 714 (7th Cir. 2006) (affirming district court's denial of petitioner's Section 144 motion where it was untimely and did not include an affidavit or certificate of counsel). Because Petitioner's motion in this case is clearly without merit, it will be denied on that ground.

**IT IS FURTHER ORDERED** that Petitioner shall file, no later than **five (5) days** from the date of this Order, either: (i) a notice indicating that he wishes to proceed on his existing claim only; or (ii) a voluntary dismissal of his petition altogether. If Petitioner fails to file such a submission in accordance with the deadline set forth above, his petition will be dismissed without further notice.

Dated at Milwaukee, Wisconsin, this 14th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge